# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **KEVIN SCOTT VARNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CAUSE NO. 3:05-CV-633 AS** |
| **v.** ) | |
| ) | |
| **INDIANA PAROLE BOARD,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## *OPINION AND ORDER*

Kevin Scott Varner, *a pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Varner alleges that the Indiana Parole Board, its members and the governor denied him due process during his parole board hearing. In Indiana, a prisoner is not entitled to due process during a parole hearing. *Averhart v. Tutsie*, 618 F.2d 479 (7th Cir. 1980). Mr. Varner received all of the due process to which he was entitled when he was convicted and sentenced for his crime. Indiana has not created a protectable liberty interest in parole, therefore this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**IT IS SO ORDERED.**

**ENTERED: October  12 , 2005**

           S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**